UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT ASHLAND

| | | |
|---|---|---|
| TILDEN JAY CRASE, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 13-108-HRW |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL SEPANEK, WARDEN, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

\*\*\*\*  \*\*\*\*  \*\*\*\*  \*\*\*\*

Tilden Jay Crase is an inmate confined in the Federal Correctional Center located in Ashland, Kentucky. Proceeding without an attorney, Crase has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging the manner in which the Bureau of Prisons ("BOP") has calculated his federal sentence. [D. E. No. 1] Crase contends that the BOP erroneously refuses to credit his federal sentence with 273 days (approximately seven months) of prior custody credit.

The Court conducts an initial review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). The Court must deny the petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241

petitions pursuant to Rule 1(b)). The Court evaluates Crase's petition under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage, the Court accepts Crase's factual allegations as true, and liberally construes his legal claims in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). Having reviewed the § 2241 petition, the Court must deny it because Crase has not set forth grounds entitling him to further credit on his federal sentences.

## BACKGROUND

Crase has been convicted of federal drug offenses in both this Court and in the United States District Court for the Southern District of Illinois ("the Southern District of Illinois"). On October 28, 2007, Crase was arrested and held without bond in connection with drug charges filed against him in this district. *United States v. Crase*, No. 6:07-CR-104-KKC-1 (E.D. Ky. 2007). On January 28, 2008, the United States filed a criminal Information against Crase and on that same day, he pleaded guilty to Possession With Intent to Distribute Marijuana and Possession with Intent to Distribute Oxycodone. *United States v. Crase*, No.6:08-CR-8-KKC-1 (E.D. Ky. 2008). [D. E. No. 2, therein] On July 21, 2008, Crase was sentenced to a 48-month

prison term on those charges. [D. E. No. 20, therein][1]

On September 18, 2008, Crase was transferred to Illinois, where he faced federal charges of conspiracy to distribute and possess with intent to distribute marijuana and cocaine and possession with intent to distribute cocaine. *United States v. Crase*, No.3:07-CR-30182-WDS-PMF-2 (S.D. Ill. 2007) Crase pleaded guilty to those charges, and on February 23, 2009, he received a 135-month prison term which was ordered to run concurrently with his Kentucky sentence. [*Id.*, D. E. No. 137, therein] On February 24, 2010, the Illinois court granted the government's Rule 35 motion and reduced Crase's sentence to a total term of 90 months (seven and one-half years), also to run concurrently with his Kentucky sentence. [D. E. No. 183, therein]

In June 2012, Crase filed a series of motion in his Illinois case, asking that court to amend or correct its judgment and credit him with approximately 7 months of time (between July 17, 2008, and February 23, 2009) which he spent in federal custody while serving his Kentucky sentence, which predated the charges and conviction in his Illinois case. *See* Motions, [D. E. Nos. 187-189, therein]. Crase cited U.S.S.G. § 5G1.3 as the basis for his request for a 7-month sentence reduction.

---

[1]

The Judgment was dated July 21, 2008, and was not entered of record until July 23, 2008, *id.*, but the docket sheet reflects that Crase's sentencing hearing actually transpired on July 17, 2008, *id.*, which is the date to which the BOP refers in its sentence calculations discussed herein.

On November 2, 2012, the Illinois court denied Crase's motions, stating:

> The Court gave him [Crase] credit for the Kentucky conviction, including running the sentences concurrently and finding the defendant was eligible for safety valve sentencing. The Court did not at the time, and does not now, intend to give the defendant [Crase] credit for the time he served on the Kentucky conviction before being brought to this Court for the charges in the Southern District of Illinois.
>
> Accordingly, the Court **DENIES** defendant's motions for credit for time served on all grounds raised.

[D. E. No. 193, p. 2, therein]

Crase then filed a motion seeking reconsideration of that ruling, which the Illinois court denied on January 30, 2013. [*Id.*, D. E. No. 195, therein] The court again explained that Crase was not entitled to the seven months' credit on his 90-month Illinois sentence. [*Id.*, p. 3] The court stated that Crase was:

> ...essentially, seeking double credit for the time after his sentence began running on the Kentucky federal charge through the time he was sentenced in this Court. The Bureau of Prisons appears to have already credited him with time served on the Kentucky sentence during the period in question. He cannot also receive credit for the sentence in this Court.
>
> ....
>
> The Bureau of Prisons calculates credit for time served on all of his charges. He [Crase] cannot receive double credit for the time he was imprisoned awaiting the conclusion of the charges in this case.

[*Id.*]

Crase is currently serving his 90-month Illinois federal sentence concurrently

4

with his 48-month Kentucky federal sentence. In his § 2241 petition, Crase asks this Court to enter an order directing the BOP to credit his Illinois sentence with 273 days which he served in federal custody between July 17, 2008, and February 23, 2009. This is the same seven-month period which was the subject of Crase's recent motions seeking a reduction of his Illinois federal sentence.

Crase attached to his § 2241 petition the BOP's "Sentencing Monitoring Computation Data ("SMCD") as of 09-20-2010." [D. E. No. 1-3, pp. 2-3] These documents explain precisely how the BOP has calculated the term of Crase's concurrent federal sentences. The SMCD reveals that the BOP has determined that Crase: (1) is serving an aggregate/concurrent sentence of 8 years, 1 month, and six days; (2) began serving his concurrent sentences on July 17, 2008; (3) came into the BOP's custody on April 15, 2009; (4) received 266 days of prior custody credit for the period of time between October 25, 2007, and July 16, 2008; (5) will satisfy the full term of his concurrent sentences on November 30, 2015; (6) is eligible for 381 days of good-time credits ("GTC") by the end of his sentence; and (7) will have a projected statutory release date of November 14, 2014, if he earns and is awarded all 381 days of GTC. [*Id.*]

As the district court in Illinois has recently explained to Crase, he is not entitled to the 273 days of credit which he seeks. Title 18 U.S.C. § 3585(b) provides:

5

(B) **Credit for prior custody**.-A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences-

(1) as a result of the offense for which the sentence was imposed; or

(2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

**that has not been credited against another sentence**.

18 U.S.C. § 3585(b) (emphasis added). *See generally United States v. Wilson*, 503 U.S. 329, 334–37 (1992); *McClain v. Bureau of Prisons*, 9 F.3d 503, 505 (6th Cir.1993) (per curiam).

The Illinois court ordered its 90-month sentence to run concurrently with the previously imposed Kentucky sentence. Based upon that fact, the BOP has determined that Crase began serving his aggregated and concurrent sentences on July 17, 2008. *See* D. E. No. 1-3, p. 3 (SMDC "Date Computation Began" entry) This is so even though Crase did not come into the BOP's physical custody until April 15, 2009.[2] [*Id.*, p. 2 (SMDC "Date Committed" entry)] Because the BOP has determined that Crase began serving his aggregated/concurrent sentences on July 17, 2008, the BOP has already credited his concurrent sentences with the approximately seven-

---

[2] Under § 3585(a), a federal sentence of imprisonment cannot commence earlier than the date it is imposed.

6

month period of time during which he was in federal custody between July 17, 2008 and February 23, 2009. If the BOP again credited Crase's concurrent sentences with that same period of time, Crase would be receiving a double credit to which he is not entitled. *See McClain*, 9 F.3d at 505; *Bridgeman v. Bureau of Prisons*, 112 F. App'x 411 (6th Cir. 2004) (affirming the denial of prisoner's request for credit as an impermissible award of double credit in violation of § 3585(b)).

The BOP's sentence calculations are correct in all other respects. Starting with the date of July 17, 2008 (the date on which the BOP determines that Crase began serving his aggreagted/concurrent sentences), Crase must serve eight (8) years, one (1) month, and six (6) days in federal custody, which means that Crase would therefore not fully serve his prison term until August 23, 2016. However, the BOP is crediting Crase's sentence with 266 days of time (between October 25, 2007 and July 16, 2008) which he spent in federal custody *prior* to be sentenced in Kentucky on July 17, 2008. *See* SMDC, D. E. No. 1-3, p. 3 ("Jail Credit" and "Total Prior Time" entries). After applying those 266 days of "prior credit time," Crase's full term expiration date would, as the BOP has correctly calculated, then advance forward to November 30, **2015**. [*Id.*, "Expiration Full Term Date" entry] Further assuming that Crase earns and is awarded the entire 381 days of projected GTC, his release date would, as the BOP has correctly calculated, advance more than a year, to November

7

14, **2014**. [*Id.*, "Statutory Release Date Projected" entry]

The Court will therefore deny Crase's petition because the BOP has correctly calculated the term of his concurrent Kentucky and Illinois federal sentences. Crase is not entitled to the sentencing credits which he seeks in this proceeding.

## CONCLUSION

Accordingly, **IT IS ORDERED** that:

1. Tilden Jay Crase's 28 U.S. C. § 2241 petition for a writ of habeas corpus [D. E. No. 1], is **DENIED.**

2. The Court will enter an appropriate judgment.

3. This matter is **STRICKEN** from the docket.

This October 10, 2013.



Signed By:
Henry R. Wilhoit, Jr.
United States District Judge

8